GEORGE W. TEMPLE

v.

INGAR FREED.

*Exemptions—The Wife may be the Head of the Family.*

When the wife has, in fact. become the head of the family by taking exclusive charge and control of its earnings and the financial and business interests necessary to support and keep it together, although her husband resides with her, she is entitled to the benefit of the exemption laws as the head of the family.

[Opinion filed August 26, 1886.]

APPEAL from the County Court of Champaign County; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. FRANCIS M. WRIGHT, for appellant.

Mr. J. O. CUNNINGHAM, for appellee.

Temple v. Freed.

CONGER, J.   The principal question raised by this record is can a married woman living with her husband, under any circumstances, be regarded as the head of the family, and as such entitled to claim her property as exempt from execution to the extent of $400, as provided by Sec. 13, Chap. 52, Revised Statutes.   " Ordinarily, at least, where the wife lives with the husband, he must be regarded as the head of the family.   If, in fact, he has not control of the family and is not the head thereof, such fact must be shown by proof." Clinton v. Kidwell, 82 Ill. 429.

We think this legal presumption may be overcome, and when the evidence satisfactorily establishes in a given case that the wife becomes in fact the head of the family by taking exclusive charge of, managing and controlling the earnings and productions of the family, and the financial and business interests necessary to support and keep it together, she is entitled to the benefit of the exemption laws as the head of a family.

The evidence shows that the husband of appellee had been insane, and as such confined in the county jail and the hospital for the insane; but at the period in question in this suit, was so far recovered as to live at home with his wife and children.

Substantially, however, he did nothing toward his own support or that of the family, while appellee, with the assistance of her children, carried on the farm upon which they lived, herself plowing corn, raking and binding wheat, and taking the actual control and management of the farm, buying the provisions, and selling the produce raised upon it, thereby, as we think, making herself the head of the family.

We do not deem it necessary to notice the numerous other errors assigned upon the record, as we think the case was decided correctly, if the views we entertain in reference to appellee's right to be regarded as the head of the family, are sound.

The judgment of the County Court will therefore be affirmed.

*Affirmed.*